SCHWARTZ, Judge.
The juvenile appellant was declared delinquent as a result of the trial judge’s finding that he was guilty of vehicular homicide, in violation of Section 782.-071, Fla.Stat. (1977); see McCreary v. State, 371 So.2d 1024 (Fla.1979). The record showed that the decedent was a passenger in a car being driven by the respondent in a drag race in Dade County. The accident occurred only because the decedent, while attempting to operate the gear shift, instead grabbed the steering wheel and caused the vehicle to go out of control. Under these circumstances, the allegedly wrongful conduct of the respondent could not be deemed the proximate cause of the homicide since its effect was superseded by the decedent’s own independent intervening act. See Cone v. Inter County Telephone & Telegraph Co., 40 So.2d 148 (Fla.1949); Adair v. The Island Club, 225 So.2d 541 (Fla. 2d DCA 1969). Since, as this court has indicated in Karl v. State, 144 So.2d 869 (Fla. 3d DCA 1962), proximate causation is an essential requirement for conviction of the crime in question, see also Tegethoff v. State, 220 So.2d 399 (Fla. 4th DCA 1969), and cases cited; cf. Thompson v. State, 108 Fla. 370, 146 So. 201 (1933), the adjudication below may not be sustained. The judgment is reversed and the cause remanded with directions to discharge the respondent.[1]
Reversed and remanded.

. Although reckless driving, of which the evidence conclusively showed the respondent to be guilty, is a lesser included offense of the crime with which he was charged, the order below cannot be upheld on this ground because reckless driving is a “juvenile traffic offense” which may not be the basis of an adjudication of delinquency. Sections 39.01(21); 39.02(1), Fla.Stat. (1978).