ON MOTION FOR REHEARING
COBB, Judge.
Pursuant to a timely motion for rehearing,[1] we hereby withdraw our previous opinion filed on April 20, 1983, and substitute this opinion in its stead. That opinion was predicated upon the erroneous premise that the mortgage sought to be foreclosed by the plaintiff-appellant, Orange Federal Savings and Loan Association, “was executed after the banking regulation of the de *643 la Cuesta[2] case became effective.. . . ” In point of fact, the mortgage was executed on July 30,1976, one day prior to the effective date of the regulation.
Foreclosure in the instant case was sought on the basis of breach of a “due-on-sale” clause in a federal mortgage, despite the absence of any substantial impairment to the security of the mortgage resulting from the sale.' The trial court entered summary judgment for the mortgagors, denying the foreclosure, and the mortgagee appealed. Because of our misunderstanding of the operative facts, we reversed that judgment.
The appellant now contends that we should adhere to that reversal based on a 1948 regulation promulgated by the Federal Home Loan Bank Board. See 12 CFR § 545.8-3(a) and Schott v. Mission Federal Sav. & Loan Ass’n., No. CIV-75 366 App. 13-15 (CD Cal. July 30, 1975). We do not read de la Cuesta to require application of its preemption doctrine to federal mortgages executed prior to July 31, 1976. As pointed out in the concurring opinion accompanying our prior opinion, the basis of the United States Supreme Court’s opinion in de la Cuesta was a 1976 regulation promulgated by the Board and now codified as 12 CFR § 545.8 — 3(f) (1982). Therein we said:
The significance of the July 31,1976 date is spotlighted by footnote 24 in the de la Cuesta opinion. The 1976 federal regulation did not impair any rights previously vested in that case, which arose in California, because California law as of the effective date of the regulation did not limit a lender’s right to accelerate a loan in response to an outright sale irrespective of impairment of security. California’s Wellenkamp decision, which is comparable to Florida law, was not decided until 1978. Florida law, prior to July, 1976, did require a showing of such impairment. See, e.g., St. Martin v. McGee, 82 So.2d 736 (Fla.1955), and Home Federal Savings & Loan Ass’n. of Palm Beach v. English, 249 So.2d 707 (Fla. 4th DCA 1971).
In footnote 24 of the de la Cuesta opinion, Justice Blackmun noted that the California Supreme Court’s cases prior to Wel-lenkamp[3] permitted the unrestricted exercise of due-on-sale clauses in cases of outright transfers of the security. He then stated:
Because we find the Wellenkamp doctrine pre-empted by a previously promulgated federal regulation and therefore inapplicable to federal savings and loans, appellees are deprived of no vested rights if Fidelity is permitted to enforce the due-on-sale clauses in the two pre-1976 deeds; the savings and loan had the right to accelerate the loans, pursuant to California law,- when the deeds were executed, and that power was never diminished by state law. We have no occasion, therefore, to consider whether § 545.8-3(f) may be applied so as to give a savings and loan broader authority to enforce a due-on-sale clause than it had when the deed of trust was executed, or to address appellants’ contention that § 545.8-3(f) effected no change in the law.
It is clear, therefore, that the United States Supreme Court did not address the contention in de la Cuesta that the appellant now urges upon us: that the 1976 regulation effected no change in the law, and that due-on-sale clauses in federal mortgages have been strictly enforceable since 1948. Implicit in the foregoing language quoted above, however, is a manifest concern evinced by the United States Supreme Court in regard to the deprivation or diminution of rights vested under state law by the unrestricted enforcement of due-on-sale acceleration clauses. We share in that concern and decline, as did the United States Supreme Court, to say that section 545.8-3(f) effected no change in the law.
*644 Accordingly, the prior opinion of this court filed April 20,1983, is withdrawn, this opinion is substituted therefor, and the judgment of the trial court is
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.

. Appellant’s attorney deserves recognition for his candor with the court. It is in the best tradition of The Bar and too seldom do we commend the lawyers upon whom we rely so heavily. Here we made a mistake, an oversight of one day; but a most critical oversight. Had Mr. Jeffrey S. Goldman not brought this mistake to our attention, then it would have gone unnoticed and his client would have unjustly prevailed. It has often been said and it is worth repeating that a lawyer’s first duty is to the court and Mr. Goldman, like all good and ethical lawyers, has provided reinforcement of this honored tradition and requirement.

. Fidelity Federal Savings and Loan Association v. de la Cuesta,-U.S.-, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982).

. Wellenkamp v. Bank of America, 21 Cal.3d 943, 148 Cal.Rptr. 379, 582 P.2d 970 (1978).