444 So.2d 1152 (1984)
ORANGE FEDERAL SAVINGS & LOAN ASSOCIATION, a Corporation Existing under the Laws of the United States of America, Appellant,
v.
Raymond David DYKES, a/K/a Raymond D. Dykes, and Dorothy Dykes, His Wife; Betty E. Henderson; Exchange National Bank of Lake County; and Kurfiss Properties, Inc., D/B/a Kurfiss Funeral Home, Appellees.
No. 82-1032.
District Court of Appeal of Florida, Fifth District.
February 9, 1984.
Ralph V. Hadley, III, and Jeffrey S. Goldman, of Rice, Hadley, O'Dell & Goldman, P.A., Orlando, for appellant.
No appearance for appellees.

ON MOTION FOR LEAVE TO FILE MOTION FOR REHEARING AND/OR 
CLARIFICATION
COBB, Judge.
The appellant, Orange Federal Savings & Loan Association, has filed a motion pursuant to Florida Rule of Appellate Procedure 9.300(a), seeking leave to file a belated motion for rehearing and/or clarification. The basis for the motion is the representation by the movant that it has been informed that the United States Supreme Court erred in its de la Cuesta[1] opinion in regard to its designation of the effective date of a 1976 regulation promulgated by the Federal Home Loan Bank Board. That date was critical to the result of our opinion in this case.
In our opinion in Orange Federal Savings & Loan Assn. v. Dykes, 433 So.2d 642 (Fla. 5th DCA 1983), we relied, as did the appellant, on the references in the slip opinion of the de la Cuesta 102 S.Ct. at 3019, 3031 (fn. 24), designating July 31, 1976, as the effective date of the due-on-sale clause regulatory amendment now codified as 12 C.F.R. § 545.8-3(f). It now appears that, prior to publication in the United States Reports, these references were deleted when it was called to the attention of Justice Blackmun by counsel for the Federal Home Bank Board that while the provisions of section (g) of the new regulation became effective on July 31, 1976, those of section (f) became effective on June 8, 1976. This minor disparity had no bearing on the outcome of the de la Cuesta opinion, but it would have been determinative in our case and would have mandated a contrary result. We dealt with a mortgage executed on July 30, 1976.
But there is no relief available to the movant in this Court at this time. Our opinion was filed on June 23, 1983, and the mandate issued on July 11, 1983, during the January, 1983 term of this Court. See *1153 § 35.10, Fla. Stat. (1981). The July, 1983 term began on July 12, 1983 and we are now in the January, 1984 term. We have no jurisdiction over the cause at this time. See State Farm Mutual Automobile Ins. Co. v. Judges of the District Court of Appeal, Fifth District, 405 So.2d 980 (Fla. 5th DCA 1981). As the Florida Supreme Court said in that case: "All things must have an end." This case has ended. The motion is denied for lack of subject matter jurisdiction.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Fidelity Federal Savings & Loan Assn. v. de la Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982).