LEHAN, Judge.
The issue in this case is whether vehicular homicide is a lesser included offense of DWI manslaughter. We find that vehicular homicide is not a Category 1 lesser included offense notwithstanding its designation as such in the Florida Standard Jury Instructions. The list of lesser included offenses in that publication is not binding. See Linehan v. State, 442 So.2d 244 (Fla. 2d DCA 1983); Bragg v. State, 433 So.2d 1375 (Fla. 2d DCA 1983). We also find that under the facts of this case vehicular homicide was not a Category 2 lesser included offense of DWI manslaughter.
The defendant was charged with DWI manslaughter, a violation of section 316.-1931(2), Florida Statutes (Supp.1982). Defendant objected to the inclusion of vehicular homicide as a lesser included offense on the proposed verdict form and proposed jury instructions. The trial court denied the objection. The jury found defendant guilty of vehicular homicide, and defendant appeals.
All of the elements of a Category 1 lesser included offense must be elements of the greater offense. See White v. State, 412 So.2d 28 (Fla. 2d DCA 1982). Vehicular homicide, a violation of section 782.071, Florida Statutes (1981), requires proof that defendant’s reckless behavior caused the death for which he is charged. See, e.g., J.A.C. v. State, 374 So.2d 606 (Fla. 3d DCA 1979). However, conviction for DWI manslaughter apparently does not require proof that defendant’s negligent behavior caused the death. See Baker v. State, 377 So.2d 17 (Fla.1979). Thus vehicular homicide requires proof of an element of causation that the greater offense of DWI manslaughter does not require. Accordingly, vehicular homicide is not a Category 1 lesser included offense of DWI manslaughter.
Vehicular homicide could be a Category 2 lesser included offense of DWI manslaughter if the charging document contained allegations of all the elements required for vehicular homicide. See Baker v. State, 425 So.2d 36, 52 (Fla. 5th DCA 1982) (Cowart, J., dissenting). However, we do not find that the language in the information which charged defendant with DWI manslaughter contained allegations of the element of recklessness required for vehicular homicide.
It has been suggested that the inclusion of vehicular homicide as a lesser included offense on the verdict form in this case was harmless error because the defendant was on notice, by virtue of the list of lesser included offenses in the standard jury instructions, that vehicular homicide might be submitted to the jury as a lesser included offense. We disagree. A jury should be given the right to exercise its pardon power by receiving instructions on the proper lesser included offenses. See State v. Bruns, 429 So.2d 307 (Fla.1983). The jury in this case chose not to convict defendant of the crime charged, but to convict him of what the jury was instructed was the most serious of the lesser included *628 crimes. It may be that if vehicular homicide had not been included on the list of lesser included offenses, the jury might have convicted defendant of one of the remaining lesser included offenses, which would have been less severe than vehicular homicide. We therefore cánnot say that defendant was not harmed by the improper inclusion of vehicular homicide as a lesser included offense of DWI manslaughter.
REVERSED AND REMANDED FOR NEW TRIAL.
OTT, C.J., and SCHOONOVER, J., concur.