468 So.2d 253 (1985)
Charles Ray JONES, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 84-855.
District Court of Appeal of Florida, Second District.
February 22, 1985.
James Marion Moorman, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Charles Ray Jones, Sr., appeals his convictions and sentences for three counts of grand theft.
On April 2, 1984, at his sentencing hearing, the defendant pled nolo contendere to two charges of second-degree grand theft in Circuit Court Case No. 83-1375 and one *254 count of first-degree grand theft in Circuit Court Case No. 83-1385 without reserving the right to appeal. Before the hearing, defendant had signed a document captioned "Acknowledgment and Waiver of Rights." This document contained a clause stating defendant understood that by pleading no contest without expressly reserving the right to appeal he waived that right. The trial judge determined that defendant understood the document and freely and voluntarily signed it. Fla.R.Crim.P. 3.170(j). The defense attorney stipulated that there was a factual basis for the plea. The trial court sentenced defendant to four years imprisonment on all counts to run concurrently.
On April 4, 1984, defendant, pro se, notified the trial court that he wished to appeal. On April 18 defendant, pro se, filed with the clerk of the circuit court a "request to appeal sentence." His attorney filed a timely notice of appeal on April 27, challenging defendant's conviction and sentence.
On May 2, 1984, defendant filed two letters with the clerk of the circuit court asserting his plea was coerced. The trial judge treated these letters as motions for post-conviction relief. Fla.R.Crim.P. 3.850. He denied the motions on the ground that the trial court lacked jurisdiction, because a notice of appeal had already been filed with this court.
Defendant's counsel, the public defender, filed an Anders brief with this court contending that there were no meritorious grounds for the appeal. He certified that he had sent a copy of this brief and the record to the defendant. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In its answer brief the state concurred with defense counsel's contention. As dictated by Anders, the public defender raised issues in his brief which he considered might arguably support the appeal. Following our practice, we notified defendant that he could file a supplemental brief within thirty days of our order dated December 12, 1984. We informed the defendant that he could bring to our attention any matters he felt should be considered in connection with his appeal, and that he should send a copy of his brief to the attorney general's office. Defendant did not file a supplemental brief.
Since this court's role in reviewing Anders briefs has not recently been discussed in opinions, we take the occasion to do so now. Where an Anders brief is filed, we review the arguable points raised by defense counsel. In addition, we examine the record of the proceedings sent to us. Our review includes making a determination of whether the defendant was charged with an offense under Florida law, the trial court had jurisdiction over defendant, and the judgment and sentence conform to the requirements of law. If we agree with the public defender's analysis and the points raised are controlled by well settled principles, we usually enter a per curiam affirmance without opinion (PCA). The PCA device, as discussed in Whipple v. State, 431 So.2d 1011 (Fla. 2d DCA 1983), expedites disposition of appeals and prevents repetition of well established principles of law. This, in turn, avoids the proliferation of duplicative opinions in the Southern Reporter and lessens the burden on attorneys in their research.
As a result of our review in this case, we determined that the defendant did not file a proper motion to withdraw his plea before his appeal; therefore, there is no basis for appeal on the merits.[1]Robinson v. State, 373 So.2d 898 (Fla. 1979); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). Moreover, defendant's right to review is limited to an appropriate collateral attack, because he did not reserve the right to appeal. See Fla.R.Crim.P. 3.172(c)(iv). If defense counsel had filed a statement of judicial acts to be reviewed informing this court that defendant had not moved to withdraw his plea, we would have dismissed *255 the appeal at an earlier stage without prejudice to defendant's seeking relief under a proper rule 3.850 motion. McGinty v. State, 463 So.2d 495 (Fla. 2d DCA 1985).
Accordingly, we dismiss defendant's appeal without prejudice to his seeking relief under a proper rule 3.850 motion.
RYDER, C.J., and SCHOONOVER, J., concur.
NOTES
[1] Included in defendant's April 18 letter requesting to appeal his sentence was a statement that he wished to withdraw his plea. However, neither counsel nor the court treated this letter as a motion to withdraw the plea.