465 So.2d 1309 (1985)
John Martin HIGDON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1128.
District Court of Appeal of Florida, Fifth District.
March 14, 1985.
Craig Stephen Boda, of Tanner, Lambert & Boda, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
COBB, Chief Judge.
We herewith vacate our opinion filed in this cause on February 14, 1985. We have jurisdiction to do so inasmuch as *1310 no mandate has issued, the same having been ordered stayed within fifteen days from the date of said decision.[1]See Fla.R. App.P. 9.340. Even had the mandate issued, we would have jurisdiction to vacate it during this term of court, which does not end until the second Tuesday in July, 1985. See § 35.10, Fla. Stat. (1983); State Farm Mutual Auto. Ins. Co. v. Judges of the District Court of Appeal, Fifth District, 405 So.2d 980 (Fla. 1981). See also Orange Federal Savings & Loan Assn. v. Dykes, 444 So.2d 1152 (Fla. 5th DCA 1984); Westberry v. Copeland Sausage Co., 397 So.2d 1018 (Fla. 1st DCA 1981).
This cause concerns a substantial issue of law bearing upon the proper administration of justice in the trial courts and has caused a division of opinion between other appellate courts of this state.[2] We herewith deny the appellant's motion for rehearing and reinstate our original opinion, issued under date of November 23, 1984, which affirmed the appellant's convictions for vehicular homicide and certified a question to the Florida Supreme Court. The original opinion and dissent herewith are set forth in haec verba:
"PER CURIAM.
"The defendant, John Martin Higdon, was charged by information with two counts (two victims) of manslaughter by driving while intoxicated pursuant to section 860.01, Florida Statutes (1981).[1] Such a charge is commonly referred to as `D.W.I. manslaughter.' At trial, he objected to the jury being instructed on, and allowed to consider a verdict of, vehicular homicide[2] as a lesser included offense of D.W.I. manslaughter. The objection was overruled by the trial judge for the reason that vehicular homicide is included as a Category 1 lesser included offense of D.W.I. manslaughter in the schedule of lesser offenses in the Matter of Use by Trial Courts Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981). Higdon was convicted of vehicular homicide on each count and appeals, arguing that he was convicted of a crime with which he was not charged.
"The issue on appeal[3] is whether or not vehicular homicide is a necessarily lesser included offense (Category 1) of D.W.I. manslaughter. If it is not, then the appellant must prevail and be discharged from any homicide conviction, in spite of the overwhelming evidence that he drunkenly killed two boys on a bicycle. The reason is that the factual allegations of the informations filed in the trial court are not broad enough to encompass the statutory elements of the crime of vehicular homicide so as to classify it as a Category 2 (possibly included) lesser offense.
"Vehicular homicide requires that the defendant operate a motor vehicle in a reckless manner (likely to cause the death of, or great bodily harm to, another), and that there be a causal relationship between that recklessness and the victim's death. See J.A.C. v. State, 374 So.2d 606 (Fla. 3d DCA 1979), review denied, 383 So.2d 1203 (Fla. 1980). Neither reckless operation nor proximate cause is an element of the crime of D.W.I. manslaughter under section 860.01(2), as that section has been construed by the Florida Supreme Court in Baker v. State, 377 So.2d 17 (Fla. 1979). Therein, the Florida Supreme Court held the statute to be one creating strict criminal liability. Therefore, based upon a strict Blockburger[4] analysis of the statutory elements of the two offenses, it would seem that vehicular homicide cannot be a necessarily lesser included offense (Category 1) of D.W.I. manslaughter. Two district courts of appeal in Florida agree with this conclusion. See Houser v. State, 456 So.2d 1265 (Fla. 1st DCA 1984); Mastro v. State, 448 So.2d 626 (Fla. 2d DCA 1984).
"Nevertheless, the Florida Supreme Court, in its schedule of lesser included offenses, has specifically included vehicular homicide as a necessarily lesser included *1311 offense of D.W.I. manslaughter, and promulgated that schedule subsequent to its Baker opinion. The schedule is presumptively correct. See Ray v. State, 403 So.2d 956 (Fla. 1981); Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983). We decline to reverse the trial court for following that schedule in the instant case. This result facilitates review, and correction if necessary, by the Florida Supreme Court of the apparent incongruity between its schedule and its majority opinion in Baker. Frankly, we cannot perceive how that majority opinion ignored the causation language in section 860.01(2) to arrive at its interpretation of strict liability. Hopefully, the schedule portends an adoption of Justice Boyd's persuasive dissent in Baker.
"Pursuant to Article V, Section 3(b)(4) of the Florida Constitution, and Rule 9.030(a)(2)(A)(v) and (vi), we hereby certify that our decision herein is in direct conflict with the decisions of the First and Second District Courts of Appeal in Houser and Mastro, and we certify the following question to be one of great public importance: "IS THE SCHEDULE OF LESSER INCLUDED OFFENSES PROMULGATED BY THE FLORIDA SUPREME COURT IN 1981 IN ERROR IN CLASSIFYING VEHICULAR HOMICIDE (§ 782.071) AS A NECESSARILY LESSER INCLUDED OFFENSE OF D.W.I. MANSLAUGHTER (§ 860.01)?
"AFFIRMED.
"COBB, C.J., UPCHURCH, F., J., concur.
"DAUKSCH, J., dissents with opinion.
"[1] Section 860.01(1) and (2), Florida Statutes (1981), provides:
Driving an automobile while intoxicated; Punishment.  (1) It is unlawful for any person, while in an intoxicated condition or under the influence of intoxicating liquor, model glue, as defined in Section 877.11, or any substance controlled under Chapter 893 to such extent as to deprive him of full possession of his normal facilities, to drive or operate over the highways, streets, or thoroughfares of Florida any automobile, truck, motorcycle, or other vehicle. Any person convicted of a violation of this section shall be punished as provided in Section 316.193.
(2) If, however, damage to property or person of another, other than damage resulting in death of any person, is done by said intoxicated person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal facilities, by reason of the operation of any of said vehicles mentioned herein, he shall be guilty of a misdemeanor of the first degree, punishable as provided in Section 775.082 or Section 775.083, and if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter, and on conviction be punished as provided by existing law related to manslaughter.
"[2] Section 782.071, Florida Statutes (1981), provides:
Vehicular homicide.  `Vehicular homicide' is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is a felony of the third degree, punishable as provided in Section 775.082, Section 775.083, or Section 775.084.
"[3] Higdon's second issue relating to the admissibility of testimony from family members of the victims is without merit, and therefore not addressed herein.
"[4] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See also Borges v. State, 415 So.2d 1265 (Fla. 1982).
"DAUKSCH, J., dissenting.
"I respectfully dissent.
"Appellant's conduct violated two primary criminal statutes. First, it violates section 860.01, Florida Statutes (1981) (now section 316.1931). Section 860.01 provides:
Driving automobile while intoxicated; punishment. 
(1) It is unlawful for any person, while in an intoxicated condition or under the influence of intoxicating liquor, model glue, as defined in s. 877.11, or any substance controlled under chapter 893 to such extent as to deprive him of full possession of his normal faculties, to drive or operate over the highways, streets, or thoroughfares of Florida any automobile, truck, motorcycle, or other vehicle. Any person convicted of a violation of this section shall be punished as provided in s. 316.193.
(2) If, however, damage to property or person of another, other than damage resulting in death of any person, is done by said intoxicated person under the influence of intoxicating liquor to such extent *1312 as to deprive him of full possession of his normal faculties, by reason of the operation of any of said vehicles mentioned herein, he shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, and if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter, and on conviction be punished as provided by existing law relating to manslaughter.
(3) Convictions under the provisions of this section shall not be a bar to any civil suit for damages against the person so convicted.
"Second, it violated section 782.071, Florida Statutes (1981) which states:
Vehicular homicide.  `Vehicular homicide' is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
"The state attorney chose to charge appellant with only having violated section 860.01, in two counts, one for each death.
"Based upon the charge for DWI manslaughter the prosecutor was required to prove appellant drove a motor vehicle over a highway while intoxicated to the extent his normal faculties were impaired and that the death of the child occurred as a result of an accident involving appellant. The state apparently failed to prove its charge because the jury found appellant not guilty of it.
"What the jury did was find the appellant guilty of vehicular homicide  a crime which the state attorney did not charge appellant with having committed. The jury was able to do that because the judge, over the objection of appellant, instructed the jury that vehicular homicide is a lesser offense included within the definition of the crime of DWI manslaughter. It is proper, and usually required, for a trial judge to instruct the jury to find an accused guilty of a lesser crime if it finds the proof is sufficient to establish that the accused committed that crime but not sufficient to prove he committed the greater, inclusive crime. A crime is a lesser included crime if it has fewer elements than another crime which has all the elements of the lesser crime, plus at least one more. For example, the crime of armed robbery includes the crime of unarmed robbery; the proof of robbery requires less proof than does the proof of armed robbery. In the latter it must be proved the accused was armed. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
"The critical legal problem in this case is that vehicular homicide is not a lesser included offense under DWI manslaughter. Mastro v. State, 448 So.2d 626 (Fla. 2d DCA 1984). But see Spillane v. State, 458 So.2d 838 (Fla. 4th DCA 1984). This notwithstanding the fact that it is listed as a category 1 lesser included offense in the Supreme Court approved compilation of `Florida Standard Jury Instructions in Criminal Cases.' In the Matter of Use by the Trial Courts of Standard Jury Instructions in Criminal Cases (and the Standard Jury Instructions in Criminal Cases), 431 So.2d 594 (Fla. 1981).
"It was very clearly stated in Baker v. State, 377 So.2d 17 (Fla. 1979) by our Supreme Court that neither negligence nor causation are elements within the DWI manslaughter statute. In vehicular homicide causation is an element because it says one must have been driving in a reckless manner when the death resulted. Baker is grounded upon the reasoning that one need only be intoxicated and driving when the death occurred; it need not be proved the intoxicated driving caused the death. The dissent in Baker accurately points out:
Under this law as construed by the Court today, the following application is possible. An intoxicated person drives an automobile to an intersection and properly stops at a stop light. While there in a stationary position, the vehicle is struck from behind by another automobile due to negligent operation by the *1313 driver. The negligent driver dies from injuries received in the collision. The completely passive, nonnegligent but intoxicated motorist can be convicted of DWI manslaughter and imprisoned for fifteen years.

Baker, 377 So.2d at 21 (Boyd, J., dissenting).
"As was said in Mastro `all the elements of a category 1 lesser included offense must be elements of the greater offense.' Mastro, 448 So.2d at 627. Here vehicular homicide has an element DWI manslaughter does not have  reckless operation of a motor vehicle.
"While becoming intoxicated might be a reckless act in itself it is not reckless operation of a motor vehicle; they are two different acts. In considering whether vehicular homicide is a category 2 lesser included offense it is necessary to look to the charge placed against appellant by the state attorney. If the charging document contains sufficient language, properly phrased, to encompass the vehicular homicide statute then the judge would have been correct in giving the lesser included instruction, and the resultant verdicts, judgments and sentences could be properly affirmed. The information (charging document) did not. It says:
CHARGE I: DRIVING WHILE INTOXICATED RESULTING IN A DEATH, in violation of F.S. 860.01.
SPECIFICATIONS OF CHARGE: In that JOHN MARTIN HIGDON, on or about the 24th day of February, 1982, at or near Lake Helen, within Volusia County, Florida, did drive or operate a motor vehicle over the highways, streets or thoroughfares of Florida while intoxicated to the extent as to deprive John Martin Higdon of full possession of his normal faculties, within Volusia County, Florida, and the death of EDWARD K. BALKEN, a human being, was caused by the operation of said motor vehicle by John Martin Higdon while intoxicated.
CHARGE II: DRIVING WHILE INTOXICATED RESULTING IN A DEATH, in violation of F.S. 860.01
SPECIFICATIONS OF CHARGE: In that JOHN MARTIN HIGDON, on or about the 24th day of February, 1982, at or near Lake Helen, within Volusia County, Florida, did drive or operate a motor vehicle over the highways, streets or thoroughfares of Florida while intoxicated to the extent as to deprive John Martin Higdon of full possession of his normal faculties, within Volusia County, Florida, and the death MICHAEL RHODES, a human being, was caused by the operation of said motor vehicle by John Martin Higdon while intoxicated.
"Missing from the charges is that the deaths were caused by the reckless operation of the motor vehicle.
"The state attorney could have charged appellant with both DWI manslaughter and vehicular homicide, each on two counts. Under Ohio v. Johnson, ___ U.S. ___, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), and several Florida cases he could have been convicted of all four counts. See Houser v. State, 456 So.2d 1265 (Fla. 1st DCA 1984); Grala v. State, 414 So.2d 621 (Fla. 3d DCA 1982). But see Bean v. State, 9 FLW 2082 (Fla. 5th DCA Sept. 28, 1984) where this court declined to follow Ohio v. Johnson when interpreting the Florida Constitution; accord Brown v. State, 452 So.2d 605 (Fla. 2d DCA 1984); Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984); Platt v. State, 449 So.2d 891 (Fla. 2d DCA 1984); Ubelis v. State, 384 So.2d 1294 (Fla. 2d DCA 1980) (cases holding that it was error to convict defendants of both DWI manslaughter and vehicular homicide when defendants' act of driving caused a single death). Under all rationale he could have been charged with all four counts and convicted and sentenced for one for each death.
"While I am, as anyone would be, much more sympathetic to the result reached by the majority I cannot ignore the clear dictates of Baker. It is left to the supreme court to change the law and until the law of Baker is changed we must adhere to it. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). If a mistake was made above we *1314 are not the ones to correct it. We only correct our own and those made below, if correctable. The error in judgment in charging the crimes was not a judicial mistake. It was a choice made by the state attorney, an executive officer not a judicial officer. The courts do not control the decision of the state attorney as to whom to charge with what crimes.
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
DAUKSCH, J., adopts his prior dissent set forth above.
NOTES
[1] Unpublished order directed to clerk of this court.
[2] See Spillane v. State, 458 So.2d 838 (Fla. 4th DCA 1984); Mastro v. State, 448 So.2d 626 (Fla. 2d DCA 1984).