SCHEB, Judge.
The state charged appellant Frederick W. Lodson with D.U.I. manslaughter. He pled not guilty and a jury found him guilty of vehicular homicide. Lodson unsuccessfully challenged that verdict by a motion for arrest of judgment. He contended that vehicular homicide was not a lesser included offense of the crime for which he was prosecuted. On March 2, 1983, the trial court sentenced him to three years imprisonment. He appealed to this court, but *478 after the public defender filed an Anders brief,[1] Lodson voluntarily dismissed his appeal.
On October 5, 1984, Lodson filed an amended motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. On this appeal, he challenges the trial court’s denial of that motion.
We find no merit to Lodson’s challenge. We write, however, to comment on his contention that he is entitled to postconviction relief. Lodson correctly points out that, after he was sentenced, this court held in Mastro v. State, 448 So.2d 626 (Fla. 2d DCA 1984), that vehicular homicide is not a lesser included offense of D.W.I. manslaughter. But see Spillane v. State, 458 So.2d 838 (Fla. 4th DCA 1984); cf. Higdon v. State, 465 So.2d 1309 (Fla. 5th DCA 1985).
Although appellant correctly recites this court’s holding in Mastro, a change of law must be announced or adopted by the United States Supreme Court or the Supreme Court of Florida before that change can be considered as a basis for postconviction relief. Witt v. State, 465 So.2d 510 (Fla.1985).
Affirmed.
GRIMES, A.C.J., and LEHAN, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), permits a motion to withdraw where a public defender finds there are no meritorious grounds for appeal. See Jones v. State, 468 So.2d 253 (Fla. 2d DCA 1985), for a recent explanation of the role of this court when an Anders brief is filed.