490 So.2d 1252 (1986)
John Martin HIGDON, Petitioner,
v.
STATE of Florida, Respondent.
No. 66753.
Supreme Court of Florida.
May 15, 1986.
Rehearing Denied August 1, 1986.
Craig Stephen Boda, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for respondent.
EHRLICH, Justice.
This case is before us to answer a question certified by the district court to be of great public importance, to wit:
IS THE SCHEDULE OF LESSER INCLUDED OFFENSES PROMULGATED BY THE FLORIDA SUPREME COURT IN 1981 IN ERROR IN CLASSIFYING VEHICULAR HOMICIDE (§ 782.071) AS A NECESSARILY LESSER INCLUDED OFFENSE OF D.W.I. MANSLAUGHTER (§ 860.01)?
Higdon v. State, 465 So.2d 1309, 1311 (Fla. 5th DCA 1985). We have jurisdiction. Art. V, § 3(b)(5), Fla. Const.
We answer the certified question in the affirmative. Houser v. State, 474 So.2d 1193 (Fla. 1985).[1] We adopt the reasoning of the dissent of Judge Dauksch to the decision below. 465 So.2d at 1311. See, e.g., Ray v. State, 231 So.2d 813 (Fla. 1969). We quash the decision of the district court and remand for action in accord with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, SHAW and BARKETT, JJ., concur.
McDONALD, J., concurs in result only.
NOTES
[1] Defendant was charged by information with two counts (2 victims) of manslaughter by driving while intoxicated pursuant to section 860.01, Florida Statutes (1981). If he had also been charged with vehicular homicide pursuant to section 782.071, Florida Statutes (1981), the present problem would not have arisen.