COBB, Judge,
concurring specially.
The information charging Armstrong with both DUI manslaughter and vehicular homicide alleged that the single homicide occurred on September 27, 1986. Since the crime occurred prior to July 1, 1988, the effective date of the 1988 amendment of section 775.021(4)[1] that amendment does not apply to this case. Therefore, we must apply the mode of analysis set out in Carawan v. State, 515 So.2d 161 (Fla.1987). See State v. Smith, 547 So.2d 613 (Fla.1989).
Pursuant to a Carawan analysis, DUI manslaughter and vehicular homicide convictions cannot both be sustained by one homicide. See Houser v. State, 474 So.2d 1193 (Fla.1985). Under a Blockburger[2] analysis, as required by section 775.-021(4), Florida Statutes (Supp.1988), the DUI manslaughter and vehicular homicide are separate criminal offenses, each requiring proof of an element that the other does not. See Higdon v. State, 490 So.2d 1252 (Fla.1986). The former requires intoxication, the latter reckless operation of a motor vehicle. This differentiation between the two offenses has survived the 1986 amendment to the manslaughter by intoxication statute, which added the factor of causation. See Ch. 86-296, Laws of Florida and Magaw v. State, 537 So.2d 564 (Fla.1989).
Had the instant offense occurred subsequent to July 1, 1988, the analysis could no longer focus on double jeopardy; however, it would seem that a defendant convicted of two homicides for one unintended traffic death could present a formidable equal protection argument. Since the instant death preceded July 1, 1988, I concur with the majority opinion.

. See Ch. 88-131, § 7, Laws of Florida.

. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).