557 So.2d 915 (1990)
Patrick ANNECHINO, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3403.
District Court of Appeal of Florida, Fourth District.
March 7, 1990.
Richard L. Jorandby, Public Defender and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Based on the record, the trial court committed reversible error in sentencing the defendant/appellant, Patrick Annechino, by scoring a prior uncounseled 1983 DWI conviction on Annechino's sentencing guidelines scoresheet. It is clear that prior uncounseled convictions cannot be used on a guidelines scoresheet if the defendant did not waive his right to counsel. Crigler v. State, 487 So.2d 420 (Fla. 2d DCA 1986). At the time Annechino entered his guilty plea in 1983 he was not advised of his right to an attorney, he didn't waive the right to an attorney, and he didn't have an attorney. It is true (and perhaps this served to mislead the trial court) that Annechino was earlier advised at a probable cause hearing by another judge that he had a right to counsel and apparently a public defender was appointed to represent him. But at the time Annechino entered his plea there was no attorney present representing him.
There is nothing in the record to show that a colloquy took place on whether Annechino was knowingly and intelligently waiving his right to counsel when he pled guilty. Rule 3.172, Florida Rules of Criminal Procedure, provides:
Before accepting a plea of guilty or nolo contendere the trial judge shall satisfy himself that the plea is voluntarily entered ... [T]he trial judge should, when *916 determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he understands ...
Additionally, Rule 3.111(d)(4) provides that "a waiver of counsel made in court shall be of record ..." And subsection 5 of that rule provides that:
[I]f a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
Thus, even if the record indicates that Annechino previously had waived counsel in the earlier stages of the proceedings, there would still have to be a renewal of the offer of counsel at the hearing to accept his guilty plea and any waiver would have to be of record. Since there was nothing in the record to indicate that the defendant waived the right to counsel at the hearing to accept his guilty plea, we must reverse.
REVERSE sentence and REMAND for resentencing in accordance herewith.
LETTS, WALDEN and STONE, JJ., concur.