578 So.2d 410 (1991)
Daniel Robert MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0268.
District Court of Appeal of Florida, Fourth District.
April 17, 1991.
Rehearing Denied May 1, 1991.
Richard L. Jorandby, Public Defender and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.

UPON MOTION FOR REHEARING FILED BY APPELLEE, STATE OF FLORIDA
PER CURIAM.
We grant the motion and substitute the following for the original opinion which was filed on January 16, 1991:
The state has filed a motion for rehearing from an order of this court wherein this court reversed Murphy's dual convictions for DUI manslaughter and vehicular homicide for violating the prohibition against double jeopardy. Previously the Florida courts held that dual convictions for both DWI manslaughter and vehicular homicide for a single death violated double jeopardy. Houser v. State, 474 So.2d 1193 (Fla. 1985). But in light of certain amendments to section 775.021, Fla. Stat. (Supp. 1988) this court reversed the conviction and certified to the Florida Supreme Court the question of whether a defendant can now be convicted and sentenced for both of these offenses. Section 775.021 now provides:
4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.

*411 2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
The state's motion for rehearing now urges the court to reconsider its ruling and to affirm the convictions. Upon reflection we agree with the state and affirm Murphy's dual convictions for DUI manslaughter and vehicular homicide. None of the three exceptions listed in section 775.021(4) is applicable here. The two offenses each require different elements of proof.[1] Vehicular homicide requires proof that the defendant operated a motor vehicle in a reckless manner and that there be a causal relationship between that recklessness and the victim's death. It does not require proof that the defendant was intoxicated. Reckless operation is not an element of the crime of DUI manslaughter. DUI manslaughter requires proof of simple negligence while operating an automobile under the influence of alcohol. Magaw v. State, 537 So.2d 564 (Fla. 1989.) A defendant could operate his vehicle while intoxicated, or to the extent that his normal faculties were impaired without driving in a reckless manner.
Further, it is clear that vehicular homicide is not a necessarily lesser included offense of DWI manslaughter. Judge Dauksch's dissent (which was later adopted by the supreme court) in Higdon v. State, 465 So.2d 1309 (Fla. 5th DCA 1985), quashed, 490 So.2d 1252 (Fla. 1986) explained that vehicular homicide is not a necessarily lesser included offense of DWI manslaughter because it has an element that DWI manslaughter does not have  reckless operation of a motor vehicle. He further explained that "While becoming intoxicated might be a reckless act in itself it is not reckless operation of a motor vehicle; they are two different acts." 465 So.2d at 1313.
Thus, we conclude that because none of the exceptions listed in section 775.021(4) is applicable in the case at bar, and because each of the offenses contains elements which the other does not, Murphy could be convicted of both DUI manslaughter and vehicular homicide. However like the Second District in Kurtz v. State, 564 So.2d 519 (Fla. 2d DCA 1990) we are concerned about this interpretation of section 775.021(4) and we elect to certify the following question to the Florida Supreme Court:
WHETHER A DEFENDANT CAN BE CONVICTED AND SENTENCED FOR DUI MANSLAUGHTER AND VEHICULAR HOMICIDE ARISING OUT OF ONE DEATH IN LIGHT OF SECTION 775.021, FLORIDA STATUTES (SUPP. 1988.)
Although we have affirmed Murphy's convictions for both DUI manslaughter and vehicular homicide, we must reverse the sentence which was imposed. Murphy argues that the inclusion of an uncounseled conviction in the scoresheet was error. We agree. See Annechino v. State, 557 So.2d 915 (Fla. 4th DCA 1990.) The state asserts that the inclusion of the previous conviction would have been harmless error because the trial court would have sentenced Murphy in the same manner. However, our review of the transcript persuades us that it is not totally clear how the trial court would have sentenced Murphy if the previous uncounseled conviction had not been considered. It is a distinct and reasonable possibility that Murphy's sentence would have been lower without *412 the improper consideration of the uncounseled conviction.
Finally, Murphy argues that the trial court improperly assessed twenty dollars ($20) for Crimes Compensation Trust Fund and five dollars ($5) court costs against him. Murphy points out that he was previously adjudicated insolvent for purposes of appeal and that the trial court had orally waived costs. Despite orally stating this, the court subsequently imposed the costs described above. In our view this was impermissible. We reverse the imposition of costs and remand with instructions to delete them. Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947, 950 (Fla. 1984).
AFFIRMED in part; REVERSED in part; and REMANDED for proceedings consistent herewith.
POLEN and GARRETT, JJ., and JAMES H. WALDEN, Senior Judge, concur.
NOTES
[1] Section 316.193(3)(c)(3) defines DWI manslaughter:

Any person:
(a) Who is in violation of subsection (1) (that is, who is driving under the influence when affected to the extent that his normal faculties are impaired or any person who has a blood alcohol level of .10 percent);
(b) Who operates a vehicle; and
(c) Who by reason of such operation, causes:
* * * * * *
3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree ... (Parenthesis added.)
Section 782.071 defines vehicular homicide:
"Vehicular homicide" is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is a felony of the third degree ...