625 So.2d 838 (1993)
STATE of Florida, Petitioner,
v.
Ralph CHAPMAN, Respondent.
No. 80,691.
Supreme Court of Florida.
September 23, 1993.
*839 Robert A. Butterworth, Atty. Gen. and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
McDONALD, Justice.
We review Chapman v. State, 604 So.2d 942 (Fla. 5th DCA 1992), because of conflict with Murphy v. State, 578 So.2d 410 (Fla. 4th DCA 1991). We have jurisdiction under article V, section 3(b)(3), Florida Constitution, and approve Chapman.
A jury convicted Chapman of both DUI manslaughter and vehicular homicide for the death of Chapman's passenger in an automobile accident. Based on Houser v. State, 474 So.2d 1193 (Fla. 1985), and Logan v. State, 592 So.2d 295 (Fla. 5th DCA 1991), review dismissed, 599 So.2d 656 (Fla. 1992), the district court vacated the conviction and sentence for vehicular homicide. As it does before us, however, the state argued that the court should have followed Murphy and affirmed both convictions and both sentences based on the 1988 legislative amendment to subsection 775.021(4), Florida Statutes.
Chapter 88-131, section 7, Laws of Florida, amended that statute to read as follows:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
After considering the amended statute, the Murphy court held that vehicular homicide did not fall within any of the exceptions listed in subsections (b)(1) through (3) and that a defendant could be convicted of and sentenced for both vehicular homicide and DUI manslaughter even though only a single death occurred. In Logan and Kurtz v. State, 564 So.2d 519 (Fla. 2d DCA 1990), on the other hand, other district courts of appeal reached the opposite conclusion based on Houser.
In Houser we recognized that DWI (now DUI) manslaughter and vehicular homicide were two separate crimes and that neither was a lesser included offense of the other. We went on to state, however, that "Florida courts have repeatedly recognized that the legislature did not intend to punish a single homicide under two different statutes." 474 So.2d at 1197. We see nothing more in the 1988 amendment than that it was intended to limit the rule of lenity and to override Carawan v. State, 515 So.2d 161 (Fla. 1987). State v. Smith, 547 So.2d 613 (Fla. 1989). Especially, we do not read the amendment as an overruling of Houser and its holding that a single death cannot support convictions of both DUI manslaughter and vehicular homicide. *840 Therefore, we approve the decision under review and disapprove Murphy.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.