PER CURIAM.
Theresa Parker appeals the denial of her rule 3.850 motion in which she raised several claims of ineffective assistance of counsel. Most of her allegations were legally insufficient, but we find that her allegation that her guilty plea was the product of her attorney’s misadvice about the maximum sentence she faced requires an evidentiary hearing.
Parker was charged with DUI manslaughter, vehicular homicide, and driving while license is suspended or revoked. She alleges that her decision to plead guilty in exchange for the state’s promise to drop the vehicular homicide count was prompted by her attorney’s representation that she faced a possible sentence of twenty-seven years if she were to be convicted on all charges. Because she could not have been convicted of both homicide charges, the longest possible sentence that could have been imposed was the fifteen year maximum term permitted for the most serious offense, the DUI manslaughter. Fla. Stat. § 816.193(3)(c)3a (1995); State v. Chapman, 625 So.2d 838 (Fla.1993). The trial court’s statement at the change of plea hearing that she faced a fifteen year maximum on her guilty plea was insufficient to overcome any misinformation she may have received about the potential sentence on the original charges.
We reverse the summary denial of her motion and remand for an evidentiary hearing on this allegation only. We affirm the denial of relief on the remaining claims.
STONE, C.J., and WARNER and FARMER, JJ., concur.