IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHERI ROSE GRANGER,

      Appellant,

v.                                                                                  Case No.  5D16-3406

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 2, 2018

Appeal from the Circuit Court
for Orange County,
Alan S. Apte, Judge.

James S. Purdy, Public Defender, and
Ailene S. Rogers, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Appellant, Cheri Rose Granger, timely appeals her convictions by jury verdict for

DUI manslaughter, vehicular homicide, driving while license suspended and DUI with

property damage.  We reverse her conviction for vehicular homicide, and otherwise affirm.

Appellant argues that convictions for both DUI manslaughter and vehicular homicide based upon a single death cannot stand because they violate her constitutional right to be free from double jeopardy, citing *Houser v. State*, 474 So. 2d 1193 (Fla. 1985), and *State v. Chapman*, 625 So. 2d 838 (Fla. 1993). The State concedes error, and based upon our supreme court's precedent, we agree. Accordingly, we order the trial court to vacate Appellant's conviction for vehicular homicide. *See Aguirre v. State*, 159 So. 3d 1033, 1033 (Fla. 1st DCA 2015); *Ivey v. State*, 47 So. 3d 908, 911 (Fla. 3d DCA 2010). We affirm Appellant's conviction and sentence for DUI manslaughter, as well as her other convictions and sentences for driving while license suspended and DUI with property damage.

AFFIRMED in part; REVERSED in part; and REMANDED.

PALMER, EDWARDS and EISNAUGLE, JJ., concur.