ERVIN, Judge.
Appellant, charged with two offenses, following trial was convicted of four. He appeals. We reverse in part.
Appellant was charged in one count with the lewd, lascivious assault upon a child under the age of 14, contrary to Section 800.04, Florida Statutes (1977), and in count two with the same act on another child. The jury, at the conclusion of the court’s instructions, was given two verdict forms. Both reflected that the jury could find the defendant guilty as charged, or for the lesser included offenses of attempted battery. The jury apparently misunderstood the court’s instructions and not only found appellant guilty as charged, but also of the lesser offenses. The court then polled the jurors and after each responded that the verdicts were as intended, the court adjudged appellant guilty on all offenses returned. Later a single sentence of four years imprisonment was imposed as to both the offense charged in count one and the lesser offense of attempted battery. A concurrent sentence of 60 days in the county jail was imposed as to the offense stated in the second count.
It is fundamental that a defendant cannot be convicted both for the offense charged as well as its lesser offense. The fact that defense counsel timely failed to object does not cure such error. This does not mean, however, that all the verdicts and judgments entered must be vacated. It is abundantly clear that the jury intended to find defendant guilty of all offenses returned. The verdicts returned for the greater offenses comported with the jury’s intent, cf. Hambrick v. State, 80 Fla. 672, 86 So. 623 (Fla.1920), and they are sustained. The verdicts and judgments entered as to the lesser offenses are vacated and the cause is remanded to the trial court for sentencing proceedings consistent with this opinion.
The remaining points urged by appellant as requiring reversal have been considered and rejected. AFFIRMED in part and REVERSED in part.
ROBERT P. SMITH, Jr., Acting C. J., and LARRY G. SMITH, J., concur.