380 So.2d 1299 (1980)
Edward S. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1464.
District Court of Appeal of Florida, Fourth District.
February 27, 1980.
Rehearing Denied April 9, 1980.
*1300 Charles W. Musgrove, J. Ralph Mabie, and D.C. Stover, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged by amended information with manslaughter by intoxicated motorist (Count I), manslaughter by culpable negligence (Count II), culpable negligence (Count III), and driving while under the influence of alcoholic beverages or controlled substance (Count IV). The victim was the same in both manslaughter counts. The trial court, in a nonjury trial, found appellant guilty on all counts. Appellant was sentenced to ten years probation on each of the manslaughter counts, one year probation as to Count III and sixty days probation as to Count IV. Concurrent sentences were imposed on all counts. As a special condition of probation, appellant was ordered to serve sixty days in the Palm Beach County Jail with credit for one day served.
Appellant contends that the trial court erred in adjudicating him guilty of two manslaughter counts when there was only one death. We concur. Where appellant's actions resulted in only one death, he could be convicted of only one crime of manslaughter. See Phillips v. State, 289 So.2d 769 (Fla.2d DCA 1974).
Accordingly, the judgment of guilt of manslaughter is hereby affirmed, but the cause is remanded for the entry of but one judgment and the imposition of one sentence adjudicating appellant guilty of manslaughter. The judgment of guilt as to Counts III and IV are affirmed. It is not necessary for appellant to appear in court for such adjudication and resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED.
LETTS, GLICKSTEIN and HURLEY, JJ., concur.