384 So.2d 1294 (1980)
Janis Indulis UBELIS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1146.
District Court of Appeal of Florida, Second District.
May 30, 1980.
Rehearing Denied June 27, 1980.
J. Leonard Fleet, Hollywood, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The appellant was driving a motor vehicle when he struck another vehicle causing the driver's death. He was charged by a two count information with (1) manslaughter, causing another's death when driving while intoxicated, in violation of Section 860.01(2), Florida Statutes (1977); and (2) vehicular homicide, operating a motor vehicle in a reckless manner likely to cause the death of another, in violation of Section 782.071, Florida Statutes (1977). A jury found him guilty on both counts and the court sentenced him to three years on each count, to run concurrently. The appellant contends he may not be convicted of both manslaughter and vehicular homicide when there was a single death. We agree.
Only one judgment and sentence can be imposed for one homicide even though the information charges two separate statutory violations. In Miller v. State, 339 So.2d 1129 (Fla.2d DCA 1976), the appellant was charged with manslaughter while intoxicated and manslaughter by culpable negligence. A jury found him guilty as charged on both counts and the trial court sentenced him to a term of ten years on count I to run concurrently with a one-year term on count II. This court reversed reasoning that the separate counts in the information charged only a single offense by different acts for which only one sentence is appropriate. The same result is found in the cases of Carr v. State, 338 So.2d 267 (Fla. 1st DCA 1976), Phillips v. State, 289 So.2d 769 (Fla.2d DCA 1974), and Thomas v. State, 380 So.2d 1299 (Fla.4th DCA 1980). In Brown v. State, 371 So.2d 161 (Fla.2d DCA 1979), the appellant, like the appellant in the case at bar, was charged with vehicular homicide and manslaughter. The trial court entered a judgment and sentence only on the conviction for manslaughter. This court stated "the trial judge correctly recognized that only one sentence can be imposed for the homicide although the information charged two separate offenses." Id. at 162. In a case involving the same offenses, our sister court came to the same conclusion. Stricklen v. State, 332 So.2d 119 (Fla. 1st DCA 1976).
Because the appellant's act of driving a vehicle caused a single death, he could not be convicted of both of the offenses charged. We therefore reverse and remand to the trial court for the entry of but one *1295 judgment adjudicating appellant guilty of manslaughter and the imposition of one sentence therefor. It is not necessary for appellant to appear in court for resentencing.
GRIMES, C.J., and BOARDMAN, J., concur.