392 So.2d 63 (1981)
Clarence Joseph MUSZYNSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 79-126.
District Court of Appeal of Florida, Fifth District.
January 7, 1981.
*64 Richard L. Jorandby, Public Defender, and Bruce Zeidel, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Muszynski was charged by indictment with first degree murder based upon premeditation, first degree murder based upon the felony murder rule, robbery with a firearm, theft of a motor vehicle, and aggravated battery. The jury found him guilty on the respective counts, of second degree murder, first degree murder, robbery with a firearm, theft of a motor vehicle, and aggravated battery. The trial judge adjudicated Muszynski guilty of the crimes for which he was convicted, and sentenced him to life imprisonment, with the provision he serve no less than 25 years. We find no merit to the points raised on appeal by the appellant: that the court erred in failing to suppress his confession, in denying his motion for judgment of acquittal, and in failing to give the instructions requested by appellant's counsel. However, fundamental error occurred in this case, which despite appellant's failure to raise objections at trial and on appeal[1] necessitates our partial reversal and remand for correction of the sentence.
The evidence showed that Muszynski and his female companion were hitchhiking and were picked up by Chris Bater, the victim. After driving some distance Bater stopped the car along the highway at Muszynski's request. Bater and Muszynski got into a fight and in a struggle for possession of Muszynski's gun, both men were shot. Muszynski severely beat Bater over the head with the gun and Bater later died from the injuries. Muszynski and his female companion then fled in Bater's automobile and were later apprehended by the police.
The fundamental error in this case was not in charging Muszynski with inconsistent counts, which the state clearly may do,[2] but in submitting to the jury a verdict form which allowed it to return verdicts on inconsistent counts. Fla.R.Crim.P. 3.505.
There was only one homicide in this case, and therefore, there can be only one murder conviction. Thomas v. State, 380 So.2d 1299 (Fla. 4th DCA 1980); Brown v. State, 371 So.2d 161 (Fla.2d DCA 1979); Phillips v. State, 289 So.2d 769 (Fla.2d DCA 1974). The jury convicted Muszynski of first degree murder under the felony murder rule and of second degree murder, not having found "premeditation." There was sufficient evidence to sustain both convictions. *65 We therefore uphold the conviction for the more serious crime,[3] first degree murder, and vacate the second degree murder conviction. Hobbs v. State, 371 So.2d 722 (Fla. 1st DCA 1979).
Similarly, the aggravated battery count was a lesser included offense of the murder.[4] Appellant should not have been convicted of aggravated battery when he was found guilty of the murder. Accordingly, we must vacate that conviction.
Further, the robbery count cannot stand independently because the felony murder count was based on robbery as the underlying felony. State v. Pinder, 375 So.2d 836 (Fla. 1979); State v. Wright, 379 So.2d 96 (Fla. 1979); Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980); Hegstrom v. State, 388 So.2d 1308 (Fla.3d DCA 1980). Appellant's conviction on that count is also vacated.
In summary, we affirm appellant's convictions of first degree murder and theft of a motor vehicle. We vacate the convictions of second degree murder, robbery and aggravated battery because they are necessarily included in the felony murder conviction. We remand this cause to the trial court for the purpose of resentencing the appellant in a manner consistent with this opinion.
REVERSED in part and REMANDED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] Sanford v. Rubin, 237 So.2d 134 (Fla. 1970); Bashans v. State, 388 So.2d 1303 (Fla. 1st DCA 1980).
[2] Austin v. State, 40 So.2d 896 (Fla. 1949).
[3] Foster v. State, 286 So.2d 549 (Fla. 1973); Bruton v. State, 326 So.2d 186 (Fla. 4th DCA 1975); Brown v. State, 317 So.2d 145 (Fla.2d DCA 1975).
[4] See Brown v. State, 206 So.2d 377 (Fla. 1968).