HOBSON, Acting Chief Judge.
The State charged appellant in a four-count information with two counts of manslaughter while driving under the influence of alcohol, in violation of section 860.01(2), Florida Statutes (1977); and two counts of manslaughter with culpable negligence, in violation of section 782.07, Florida Statutes (1975). A jury found him guilty of the two counts of manslaughter while driving under the influence of alcohol and found him guilty of two counts of vehicular homicide, in violation of section 782.071, Florida Statutes (1975), a lesser included offense of manslaughter with culpable negligence. See State v. Young, 371 So.2d 1029 (Fla.1979). The trial court sentenced him to fifteen year prison terms on the manslaughter convictions and five year prison terms on the vehicular homicide convictions, all sentences to run concurrently.
Appellant argues that, with respect to each death, he could not be convicted of both manslaughter and vehicular homicide and sentenced for both convictions.
With respect to each death, the separate counts in the information charged only a single homicide by different acts. Accordingly, only one sentence is proper for each death. See Miller v. State, 339 So.2d 1129 (Fla. 2d DCA 1976).
Thus, we reverse the two sentences for vehicular homicide. However, we affirm all four convictions and the two sentences for manslaughter.
AFFIRMED in part, REVERSED in part, and REMANDED.
GRIMES and CAMPBELL, JJ., concur.