449 So.2d 891 (1984)
Hancel Drew PLATT, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1519.
District Court of Appeal of Florida, Second District.
April 11, 1984.
*892 Jerry Hill, Public Defender and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Hancel Drew Platt was convicted by a jury of DWI manslaughter and vehicular homicide. The trial court adjudged Platt guilty of both crimes, but only pronounced sentence for the conviction of DWI manslaughter. Platt asserts error in the trial court's denial of his motions for judgment of acquittal for each of these two crimes and in the trial court's adjudging Platt guilty of both crimes. We affirm in part, reverse in part, and remand this case to the trial court.
The motion for judgment of acquittal on the charge of DWI manslaughter was properly denied by the trial court. The evidence was sufficient to allow the jury to consider and decide this charge. Tsavaris v. State, 414 So.2d 1087 (Fla. 2d DCA 1982), petition for review denied, 424 So.2d 763 (Fla. 1983). See also Muwwakil v. State, 435 So.2d 304 (Fla. 3d DCA 1983). Moreover, the evidence supports Platt's conviction for DWI manslaughter. We affirm that conviction and the sentence imposed thereon.
We do not reach the question of whether the trial court properly denied the motion for judgment of acquittal on the charge of vehicular homicide. The issue is moot as we hold that the trial court erred by adjudging Platt guilty of vehicular homicide.
One person, Terry D. Collins, died as a result of injuries received in the automobile collision involving the vehicles driven by Platt and Collins. Platt caused a single death and could not be convicted of both DWI manslaughter and vehicular homicide. Ubelis v. State, 384 So.2d 1294 (Fla. 2d DCA 1980). Therefore, we reverse the judgment of guilt of vehicular homicide. This case is remanded to the trial court with instructions to set aside the judgment of guilt on vehicular homicide.
The conviction of DWI manslaughter is AFFIRMED, the conviction of vehicular homicide is REVERSED, and this case is REMANDED with instructions.
OTT, C.J., and BOARDMAN, J., concur.