452 So.2d 605 (1984)
William Terry BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2086.
District Court of Appeal of Florida, Second District.
May 25, 1984.
Rehearing Denied June 29, 1984.
*606 Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
William Terry Brown was convicted by a jury of DWI manslaughter, section 316.1931, Florida Statutes (Supp. 1982), and vehicular homicide, section 782.071, Florida Statutes (1981). The trial court adjudged defendant guilty of both crimes, but only sentenced him for the conviction of DWI manslaughter. We affirm in part, reverse in part, and remand the case to the trial court.
Because the defendant's act of driving caused a single death, it was improper to convict him of both DWI manslaughter and vehicular homicide. Platt v. State, 449 So.2d 891 (Fla. 2d DCA 1984); Ubelis v. State, 384 So.2d 1294 (Fla. 2d DCA 1980). Accordingly, we reverse the judgment of guilt of vehicular homicide. The case is remanded to the trial court with instructions to set aside the judgment of guilt on vehicular homicide.
The conviction and sentence for DWI manslaughter is affirmed, the conviction of vehicular homicide is reversed, and the case is remanded with instructions.
OTT, C.J., and DANAHY and LEHAN, JJ., concur.