457 So.2d 1095 (1984)
Clifford Wayne GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-328.
District Court of Appeal of Florida, Fifth District.
September 28, 1984.
Rehearing Denied November 5, 1984.
*1096 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Gordon was charged, tried, and convicted in the same criminal prosecution of murder in the second degree,[1] DWI manslaughter,[2] and leaving the scene of an accident with injuries.[3] He received separate sentences for each crime.[4] Appellant argues that the evidence was insufficient to convict him of second degree murder, and the trial court erred in allowing him to be convicted and sentenced for two homicides when there was only one victim. We find the evidence sufficient to sustain the jury's second degree murder verdict. However, we agree error was committed on the second point.
The record shows that both homicide charges arose out of the same factual occurrence. While intoxicated,[5] Gordon drove his pickup truck at 2:00 p.m. on a multi-lane highway. He caused a chain reaction collision when he rammed into a Datsun automobile in front of his truck. Janet Hexham, the victim, was driving a Corvette in front of the Datsun.
After the Datsun hit her vehicle, Hexham exited her Corvette to assess the damage. Gordon pulled out of the blocked traffic lane into the open one, intending to flee the accident he had caused. Hexham stepped into the open lane and raised her arms as if to flag him down. But Gordon *1097 continued to accelerate. He smashed into Hexham and, after throwing her body ahead of the truck, he ran over her again. Hexham died as a result of the injuries she received. Gordon caused several more accidents before his vehicle finally came to rest, one-half mile away from where Hexham was struck.
The rule in Florida has always been that when there is but one death, there can be only one conviction for homicide. Brown v. State, 452 So.2d 605 (Fla. 2d DCA 1984) (DWI manslaughter and vehicular manslaughter); Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984) (DWI manslaughter and vehicular homicide); Platt v. State, 449 So.2d 891 (Fla. 2d DCA 1984) (DWI manslaughter and vehicular manslaughter); Johnson v. State, 419 So.2d 1144 (Fla. 2d DCA 1982) (DWI manslaughter and vehicular manslaughter); Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981) (premeditated murder and felony murder); Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981) (second degree murder and first degree murder); Ubelis v. State, 384 So.2d 1294 (Fla. 2d DCA 1980) (DWI manslaughter and vehicular homicide); Thomas v. State, 380 So.2d 1299 (Fla. 4th DCA 1980) (DWI manslaughter and manslaughter by culpable negligence); Brown v. State, 371 So.2d 161 (Fla. 2d DCA 1979) (DWI manslaughter and vehicular homicide); Miller v. State, 339 So.2d 1129 (Fla. 2d DCA 1976) (DWI manslaughter and manslaughter by culpable negligence); Stricklen v. State, 332 So.2d 119 (Fla. 1st DCA 1976) (DWI manslaughter and manslaughter by culpable negligence); Phillips v. State, 289 So.2d 769 (Fla. 2d DCA 1974) (DWI manslaughter and manslaughter by culpable negligence).
The rationale for the rule was that double jeopardy, U.S. CONST. amend. V; Art. I, § 9, Fla. Const., bars the double convictions because one homicide is a lesser included offense of the other. However, in view of recent decisions by the Florida Supreme Court and the United States Supreme Court, it is unclear whether double jeopardy applies to bar two homicide convictions in the context of one criminal proceeding.
Apparently all we need to do in analyzing double jeopardy in this kind of case is look solely to the statutory elements of each crime. State v. Baker, 456 So.2d 419 (Fla. 1984); Bell v. State, 437 So.2d 1057 (Fla. 1983). If each has a different element not required to prove the other, then there are two separate and distinct crimes for which multiple convictions may be imposed. Apparently it does not matter that both crimes are in fact proved by the same facts (in this case, the death of the same homicide victim), or that one crime is an included (but not necessarily) lesser offense of the other (old Category IV, Brown v. State, 206 So.2d 377 (Fla. 1968), or current Category II, see Baker).
Based on that analysis, the two crimes in this case are different, and double jeopardy does not bar convictions for both in the same criminal case. Second degree murder is defined as:
The unlawful killing of a human being when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, shall be murder in the second degree and shall constitute a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 782.04(2), Fla. Stat. (1981). DWI manslaughter is defined as:
If, however, damage to property or person of another, other than damage resulting in death of any person, is done by said intoxicated person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties, by reason of the operation of any of said vehicles mentioned herein, he shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, and if the death of any human being be caused by the operation of a motor *1098 vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter, and on conviction be punished as provided by existing law relating to manslaughter.
§ 860.01(2), Fla. Stat. (1981). DWI manslaughter requires proof of driving a vehicle while the driver is intoxicated. Second degree murder does not require that element. Second degree murder requires proof that the defendant did "an act imminently dangerous to another which evinces a depraved mind." DWI manslaughter does not require proof of this mental element. Further, DWI manslaughter is not listed as a Category I or a Category II lesser included offense of second degree murder.[6]
In the context of a single prosecution, the United States Constitution provides that these two crimes may be charged and convictions may be obtained for both. Ohio v. Johnson, ___ U.S. ___, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). However, it is still not clear whether separate sentences may be imposed for both crimes. The Court said in Johnson:
While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution.
___ U.S. at ____, 104 S.Ct. at 2541.
The Johnson Court also stated that double jeopardy should be employed by the courts "to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." Id. In this regard, our Florida Supreme Court recently held that section 775.021(4)[7] only applies to necessarily lesser included offenses. Baker. Therefore, no sentencing policy of this state would be violated if two sentences were imposed in this case.
Because of the weight of authority in Florida behind the rule barring double homicide convictions for the killing of one victim, and the logic of not allowing double punishment for a lesser (but not necessarily) included offense, Johnson, we hold that Gordon's conviction for DWI manslaughter should be vacated.[8] However, in view of the need for further clarity of these issues, and their great public importance, Fla.R. App.P. 9.030(a)(2)(A)(v), we certify the following questions to the Florida Supreme Court:
I. IS DWI MANSLAUGHTER A POSSIBLY LESSER INCLUDED OFFENSE OF SECOND DEGREE MURDER?
II. DOES THE DOUBLE JEOPARDY CLAUSE OF FLORIDA'S OR THE UNITED STATES' CONSTITUTIONS BAR CONVICTIONS FOR BOTH OF THESE CRIMES IN A SINGLE CRIMINAL PROSECUTION WHERE THERE WAS ONLY ONE HOMICIDE VICTIM?
III. DOES THE DOUBLE JEOPARDY CLAUSE OF FLORIDA'S OR THE UNITED STATES' CONSTITUTIONS BAR IMPOSITION OF SEPARATE SENTENCES FOR THE CONVICTIONS OF THESE TWO CRIMES RENDERED IN A SINGLE CRIMINAL PROSECUTION, WHERE THERE WAS ONLY ONE HOMICIDE VICTIM?
*1099 AFFIRMED AS MODIFIED; CONVICTION FOR DWI MANSLAUGHTER VACATED.
ORFINGER, J., and BLOUNT, URIEL, Jr., Associate Judge, concur.
NOTES
[1] § 782.04(2), Fla. Stat. (1981).
[2] § 860.01(2), Fla. Stat. (1981).
[3] § 316.027, Fla. Stat. (1981).
[4] Gordon was sentenced to the Department of Corrections for his natural life for murder; fifteen years for DWI manslaughter (to run concurrently with the life sentence); and one year for leaving the scene (to run consecutively to the other two sentences).
[5] His blood alcohol level later tested at .259.
[6] Vehicular homicide is, however, and DWI is a lesser included offense of that crime. See Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984).
[7] Section 775.021(4), Florida Statutes (1981), provides:

Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode... .
In 1983 the legislature changed the language of section 775.021(4); however, there apparently has been no change in the meaning of that statute. The supreme court's interpretation in State v. Baker, Case Nos. 63,269 and 63,135, 456 So.2d 419 (Fla. 1984), is what the legislature presently intends.
[8] Art. I, § 9, Fla. Const.