OVERTON, Justice.
This is a petition to review Gordon v. State, 457 So.2d 1095 (Fla. 5th DCA 1984), in which Gordon was convicted and sentenced for second-degree murder, DWI manslaughter, and leaving the scene of an accident with injuries. The district court of appeal affirmed the sentence for second-degree murder, but vacated the DWI manslaughter conviction, certifying the follow *1064 ing three questions to be of great public importance:
I.IS DWI MANSLAUGHTER A POSSIBLY LESSER INCLUDED OFFENSE OF SECOND DEGREE MURDER?
II.DOES THE DOUBLE JEOPARDY CLAUSE OF FLORIDA’S OR THE UNITED STATES’ CONSTITUTIONS BAR CONVICTIONS FOR BOTH OF THESE CRIMES IN A SINGLE CRIMINAL PROSECUTION WHERE THERE WAS ONLY ONE HOMICIDE VICTIM?
III.DOES THE DOUBLE JEOPARDY CLAUSE OF FLORIDA’S OR THE UNITED STATES’ CONSTITUTIONS BAR IMPOSITION OF SEPARATE SENTENCES FOR THE CONVICTIONS OF THESE TWO CRIMES RENDERED IN A SINGLE CRIMINAL PROSECUTION, WHERE THERE WAS ONLY ONE HOMICIDE VICTIM?
457 So.2d at 1098. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently addressed and answered the substance of these questions in Houser v. State, 474 So.2d 1193 (Fla.1985), approving consistent findings by the district courts that “the legislature did not intend to punish a single homicide under two different statutes.” At 1197. We reject Gordon’s contention that the jury rendered inconsistent verdicts and that he is, therefore, entitled to a new trial.
For the reasons expressed in our Houser decision, we approve the decision of the district court.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, EHRLICH and SHAW, JJ., concur.