PER CURIAM.
Appellant appeals the lower court’s final judgment adjudicating him guilty of D.W.I. manslaughter (driving while intoxicated causing death, section 316.1931(2)(c), Florida Statutes (1985)). We find that one of appellant’s points on appeal has merit.
The trial court denied appellant’s request for a jury instruction on D.U.I. (driving under the influence). D.U.I. is proscribed m section 316.193, Florida Statutes (1985), and section 316.193(l)(a) can be equated essentially with simple D.W.I., proscribed in section 316.1931(1), Florida Statutes (1985).
The trial court did not have the benefit of State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986), in which the supreme court states:
A “necessarily lesser included offense” is, as the name implies, a lesser offense that is always included in the major offense. The trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense. Once the judge determines that the offense is a necessarily lesser included offense, an instruction must be given.
The requirement that a trial judge must give a requested instruction on a necessarily lesser included offense is bottomed upon a recognition of the jury’s right to exercise its “pardon power.”
The Wimberly court also notes that the Schedule of Lesser Included Offenses in the Florida Standard Jury Instructions In Criminal Cases lists, in category one, the necessarily lesser included offenses on which jury instructions must be given. Id. at 931.
Section 316.1931(1), driving while intoxicated, is listed as a category one necessarily lesser included offense of section 316.-1931(2)(c), D.W.I. manslaughter, in the Schedule of Lesser Included Offenses in the Florida Standard Jury Instructions In Criminal Cases (October 1985).
Based on the foregoing we conclude that the trial court erred in failing to instruct the jury on the necessarily lesser included offense of driving while intoxicated, thereby depriving the jury of its inherent “pardon power.” We therefore reverse and remand for a new trial.
HERSEY, C.J., and DOWNEY and GLICKSTEIN, JJ„ concur.