HALL, Judge.
Roderick Roundtree appeals his sentences for three counts of DUI manslaughter, one count of possession of cannabis, and one count of driving while his license was suspended or revoked. We find merit only in his contention that the trial court departed from the presumptive guidelines sentence for invalid reasons and therefore reverse for resentencing.
The trial court stated as a reason for departure that the appellant’s blood alcohol level was above the legal limit and that the appellant drove a vehicle and crashed head-on into another vehicle causing three deaths. This fact is an inherent component of DUI manslaughter and therefore will not support a departure from the presumptive guidelines sentence. See § 316.193(3)(c)3, Fla.Stat. (Supp.1986); State v. Cote, 487 So.2d 1039 (Fla.1986).
The trial court also stated as reasons for departure that the appellant’s driving privilege had previously been suspend *437 ed or revoked and not reinstated and that the appellant had previously been convicted of driving under the influence. However, these reasons were scored on the appellant’s scoresheet as an additional offense at conviction and prior record, respectively. Consequently, neither of these reasons supports a departure sentence either. Hendrix v. State, 475 So.2d 1218 (Fla.1985).
Accordingly, we reverse the appellant’s sentence and remand this cause for resen-tencing within the guidelines.
SCHOONOVER, A.C.J., and LEHAN, J., concur.