PER CURIAM.
The appellant, Robert Deatrich, challenges the judgments and sentences imposed upon him. After a jury found the appellant guilty as charged of two counts of manslaughter by intoxication and two counts of manslaughter by culpable negligence, the trial court adjudicated him guilty of all four offenses but only sentenced the appellant on the two counts of manslaughter by intoxication. Although the appellant’s guidelines scoresheet indicated a sentencing range of three to seven years imprisonment, the trial court imposed a sentence of ten years imprisonment and placed him on a consecutive term of fifteen years probation. This timely appeal followed.
We find no merit in the appellant’s contentions that the trial court committed reversible error during the course of the trial. We do find, however, that the trial court erred in adjudicating the appellant guilty on all four counts of manslaughter. The appellant was charged with causing the deaths of two victims and could only be convicted of one act of manslaughter for each death. See Brown v. State, 452 So.2d 605 (Fla. 2d DCA 1984); Phillips v. State, 289 So.2d 769 (Fla. 2d DCA 1974). See also, Houser v. State, 474 So.2d 1193 (Fla.1985). Two of the appellant’s convictions must, therefore, be stricken.
We also agree with the appellant’s contention that the trial court erred by departing from the guidelines sentencing range based solely upon the fact that the appellant had a high blood alcohol level. The appellant’s blood alcohol level was an inherent component of the offenses for which he was sentenced and, therefore, cannot support a departure sentence. See Roundtree v. State, 528 So.2d 436 (Fla. 2d DCA 1988).
We, accordingly, reverse the sentence imposed by the trial court and remand for resentencing within the guidelines sentencing range. See Shull v. Dugger, 515 So.2d 748 (Fla.1987). On remand, the trial court must also correct the appellant’s judgments to reflect only one manslaughter conviction per death. We affirm in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.