564 So.2d 519 (1990)
Chester KURTZ, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03426.
District Court of Appeal of Florida, Second District.
June 15, 1990.
Rehearing Denied July 27, 1990.
*520 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Mr. Kurtz entered a plea of nolo contendere to charges of DUI manslaughter,[1] manslaughter with culpable negligence,[2] and DUI.[3] The trial court entered a final judgment adjudicating him guilty on all three charges, but sentenced Mr. Kurtz on only the DUI manslaughter conviction. Mr. Kurtz reserved the right to appeal the trial court's ruling that he could be adjudicated guilty of all three charges, even though they arose out of a single traffic accident on July 31, 1988, in which one person died.[4] We affirm Mr. Kurtz's DUI manslaughter adjudication and sentence. We reverse his adjudication for manslaughter with culpable negligence, but we certify the issue of this dual conviction to the Florida Supreme Court. We also reverse the adjudication for DUI.

I. THE MULTIPLE ADJUDICATIONS WITHOUT SENTENCE.
The state argues that double jeopardy considerations prevent multiple sentences but do not prevent multiple adjudications. Thus, it maintains that the trial court could convict Mr. Kurtz of DUI manslaughter, manslaughter with culpable negligence, and DUI, so long as he did not receive multiple sentences. We disagree.
The double jeopardy clause,[5] as it concerns multiple offenses presented in a single proceeding, "protects against multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425, 498 (1984); North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 665 (1969). Thus, the constitutional issue is whether the order adjudicating guilt is an act of punishment or whether it is merely a non-penal, recorded public document confirming an established statutory violation. The state of course argues that the conviction is merely a document and not an act of punishment by the state. A strong argument can be made, however, that "[b]ecause a criminal conviction constitutes a formal judgment of condemnation by the community, each additional conviction imposes an additional stigma and causes additional damage to the defendant's reputation." Missouri v. Hunter, 459 U.S. 359, 373, 103 S.Ct. 673, 681-82, 74 L.Ed.2d 535, 547 (1983) (Marshall, J., dissenting). We do not need to reach this constitutional issue because it is clear that the Florida Statutes do not authorize multiple convictions in *521 cases in which an additional punishment would be improper.
Section 775.021(4), Florida Statutes (Supp. 1988), announces the legislature's intent to both "convict and sentence" for each criminal offense committed in the course of one criminal episode or transaction with certain exceptions. Nothing in the statute suggests that the legislature intends the judiciary to convict defendants of offenses for which no sentence can be imposed.
At least since Carawan v. State, 515 So.2d 161 (Fla. 1987), it has been the general practice of the appellate courts to vacate both the adjudication of guilt and the sentence associated with a second offense which presents a double jeopardy problem. See Houser v. State, 474 So.2d 1193, 1196 (Fla. 1985).[6] This is necessary under the sentencing guidelines to avoid scoring "unsentenced" convictions[7] as additional offenses or prior offenses, and thereby impermissibly punishing the defendant. Fla. R.Crim.P. 3.701. Accordingly, we hold that trial courts are not permitted to enter an adjudication of guilt for an offense when a sentence could not legally be imposed under section 775.021(4), Florida Statutes (Supp. 1988), for that same offense.[8]Cf. Ferenc v. State, 563 So.2d 707 (Fla. 1st DCA 1990) ("[A] double jeopardy argument constitutes a challenge of a conviction, rather than a sentence."). But cf. Guardado v. State, 562 So.2d 696 (Fla. 3d DCA 1990) (a nolo contendere plea precludes a double jeopardy challenge on the conviction but not on the sentence).

II. THE ADJUDICATIONS FOR DUI MANSLAUGHTER AND DUI.
The analysis concerning the separate adjudications for DUI manslaughter and DUI is relatively simple. DUI is a category I lesser included offense of DUI manslaughter. In re Std. Jury Instr. in Crim. Cases, 431 So.2d 599 (Fla. 1981) (addressing amendments to the schedule of lesser included offenses). All of the DUI elements fall within the greater offense of DUI manslaughter. § 316.193, Fla. Stat. (Supp. 1988). Mr. Kurtz cannot be convicted of both DUI and DUI manslaughter arising from the same act. See § 775.021(4), Fla. Stat. (Supp. 1988); see also Miller v. State, 509 So.2d 1387 (Fla. 4th DCA 1987).

III. THE DUAL ADJUDICATIONS FOR MANSLAUGHTER.
Our analysis of the homicide is complicated by the fact that it occurred a few weeks after the effective date of the amendment to the rule of lenity. § 775.021(4)(a), Fla. Stat. (Supp. 1988). If Mr. Kurtz had committed the homicide one month earlier, he clearly could have been convicted of only one offense for an act of manslaughter resulting in a single death. See Houser; Ubelis v. State, 384 So.2d 1294 (Fla. 2d DCA 1980). Further, the separate convictions for DUI manslaughter and manslaughter with culpable negligence clearly would have been improper, even though Mr. Kurtz was sentenced on only one of the charges. Deatrich v. State, 534 So.2d 903 (Fla. 2d DCA 1988).
We confess that we have experienced considerable difficulty in discerning the *522 correct analysis for this issue. Intuitively, one senses that a single wrongful death should justify only a single conviction and sentence for manslaughter. On the other hand, the recent amendment to the rule of lenity, section 775.021(4)(a), Florida Statutes (Supp. 1988), might support multiple convictions and sentences for an act of manslaughter resulting in a single death. Certainly it would seem that the legislature could elect to create separate offenses concerning the two distinct problems of driving under the influence and acting with culpable negligence resulting in death.
The dispositive issue is whether the rule announced in Houser has been overruled by the amendment to the rule of lenity and the supreme court's recent decision in State v. Smith, 547 So.2d 613 (Fla. 1989). Since the supreme court has not expressly overruled Houser and the legislative amendment does not directly address this issue, we believe it is more appropriate for this court to follow Houser until it has been reconsidered by the supreme court.
In Houser the supreme court held that DWI manslaughter and vehicular homicide were one offense in the nature of homicide. This result was based upon a decision that the two types of manslaughter were simply different forms of the same offense. The supreme court indicated that the legislature would need to establish a clear intent to treat the two crimes as two offenses before the courts would be obligated to convict and sentence for both crimes arising from a single death. Thus, even though the two crimes were not identical for purposes of a Blockburger[9] analysis and were "separate" offenses for purposes of section 775.021(4), Florida Statutes (1983), Houser still required a clearer intent from the legislature to treat the two statutory crimes as two separate offenses.
Section 775.021(4)(a), Florida Statutes (Supp. 1988), announces a new legislative intent to convict and separately sentence a defendant for each criminal offense occurring in the course of a criminal transaction or episode, even if the offenses arise from a single act. This intent does not apply in cases that fall into three categories: 1) offenses with "identical elements of proof," 2) offenses which are "degrees of the same offense as provided by statute," and 3) offenses "which are lesser offenses the statutory elements of which are subsumed by the greater offense." § 775.021(4)(b), Fla. Stat. (Supp. 1988).
DUI manslaughter and manslaughter with culpable negligence do not fall within any one of these exceptions. They clearly require different elements of proof.[10] These two separately codified crimes, which are not mutually exclusive and involve different legislative policies, do not appear to be "degrees of the same offense as provided by statute." See Gould v. State, 558 So.2d 481 (Fla. 2d DCA 1990); Baker v. State, 425 So.2d 36, 60 (Fla. 5th DCA 1982) (Cowart, J., dissenting). Finally, it seems clear that neither crime is a "lesser offense" because the two carry the same penalty. State v. Carpenter, 417 So.2d 986 (Fla. 1982).
Despite the fact that these two crimes do not readily fit within one of the exceptions, we are confronted with many precedents over many years which hold that one death equates to one homicide.[11] The legislature *523 did not proceed to swiftly overrule those cases as it did with Carawan. Nothing in the legislative history concerning the amendment to section 775.021 has been presented to us which would suggest that the legislature intended to overrule Houser and its predecessors. Thus, we choose to follow Houser.
We certify the following question to be of great public importance:
WHETHER A DEFENDANT CAN BE CONVICTED AND SENTENCED FOR DUI MANSLAUGHTER AND MANSLAUGHTER WITH CULPABLE NEGLIGENCE ARISING OUT OF ONE DEATH IN LIGHT OF SECTION 775.021, FLORIDA STATUTES (SUPP. 1988).
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
CAMPBELL, C.J., and DANAHY, J., concur.
NOTES
[1] § 316.193(3)(c)3, Fla. Stat. (Supp. 1988).
[2] § 782.07, Fla. Stat. (Supp. 1988).
[3] § 316.193, Fla. Stat. (Supp. 1988).
[4] Mr. Kurtz entered into a plea agreement to be sentenced on the DUI manslaughter charge.
[5] U.S. Const. amend. V.
[6] On at least one occasion prior to the sentencing guidelines, this court reversed multiple sentences while permitting the convictions to stand. Johnson v. State, 419 So.2d 1144 (Fla. 2d DCA 1982). However, subsequent to Johnson and the implementation of sentencing guidelines, this court has reversed both the conviction and the sentence. See Deatrich v. State, 534 So.2d 903 (Fla. 2d DCA 1988).
[7] For the purposes of sentencing guidelines, Florida Rule of Criminal Procedure 3.701(d)(2) defines a conviction as "a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended." The term "conviction" is frequently used in appellate opinions in a narrower sense to describe the final appealable judgment adjudicating guilt.
[8] The parties and the trial court used DUI manslaughter as the primary offense for sentencing purposes because they regarded it as the greater offense. This assumption may have been incorrect. From our analysis in this opinion, it would seem that the defendant could have been convicted and sentenced for both manslaughter with culpable negligence and DUI. This would have resulted in two convictions and a slightly higher score on the guidelines scoresheet.
[9] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[10] DUI manslaughter requires proof of simple negligence while operating an automobile under the influence of alcohol or drugs. Magaw v. State, 537 So.2d 564 (Fla. 1989). Manslaughter by culpable negligence requires proof of culpable negligence and does not require the use of an automobile or the consumption of alcohol or drugs.

We note that the standard for culpable negligence is similar to the standard for punitive damages in a civil action. White Constr. Co., Inc. v. Dupont, 455 So.2d 1026 (Fla. 1984); Carraway v. Revell, 116 So.2d 16 (Fla. 1959). The voluntary act of driving while intoxicated does not always compel a jury to award punitive damages in a civil negligence action. "Intoxication" in this civil context is a more impaired condition than the "influence" required for DUI manslaughter. Ingram v. Pettit, 340 So.2d 922 (Fla. 1976). Thus, civil law seems to recognize that alcohol impairment is not always, as a matter of law, culpable negligence.
[11] Brown v. State, 452 So.2d 605 (Fla. 2d DCA 1984); Platt v. State, 449 So.2d 891 (Fla. 2d DCA 1984); Johnson v. State, 419 So.2d 1144 (Fla. 2d DCA 1982); Ubelis v. State, 384 So.2d 1294 (Fla. 2d DCA 1980); Brown v. State, 371 So.2d 161 (Fla. 2d DCA 1979), aff'd, 386 So.2d 549 (Fla. 1980); Miller v. State, 339 So.2d 1129 (Fla. 2d DCA 1976); Phillips v. State, 289 So.2d 769 (Fla. 2d DCA 1974); Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984); Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981); Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981); Thomas v. State, 380 So.2d 1299 (Fla. 4th DCA), review denied, 389 So.2d 1116 (Fla. 1980); Stricklen v. State, 332 So.2d 119 (Fla. 1st DCA 1976).