POLEN, Judge.
Alex Goodwin brings this appeal from his convictions for vehicular homicide and unlawful blood alcohol level manslaughter (UBAL manslaughter). We affirm appellant’s convictions and certify a question of great public importance.
The event that led to appellant’s convictions followed a disturbance in a Fort Lauderdale night club. As appellant drove his automobile out of the club’s parking lot he struck and killed Brad Young, who may have been involved in the disturbance with appellant. Appellant exited his vehicle and ran from the scene, but was caught by a bystander and returned to the scene. The state introduced testimony from several eyewitnesses to the incident, as well as the testimony of a forensic toxicologist who worked for the Broward County Medical Examiner. The expert had tested two samples of blood taken from appellant approximately one hour and fifteen minutes, and two and one-half hours after the incident. The expert testified to his opinion that appellant’s blood alcohol level at the time of the incident was in a range from .12 to .137 grams percent of alcohol. There is a pre *32 sumption of impairment when the reading is above a .10 grams percent of alcohol. In response to a defense hypothetical, the expert testified that given the variables provided by defense counsel, appellant’s blood alcohol level could have been below a .10 at the time of the incident.
Appellant presents four points on appeal. His first point on appeal has recently been addressed by this court in State v. Mandell, 599 So.2d 1383 (Fla. 4th DCA 1992) where we concluded that Article II, section 3 of the Florida Constitution is not violated when an employee of the state attorney who also serves as a deputy clerk of court administers the oath validating an information.
Appellant’s second point urges error in the trial court’s denial of his motion for judgment of acquittal as to the UBAL manslaughter charge. Appellant argues that the denial of his motion was error because the state’s witness testified that appellant’s blood alcohol level could have been below a .10 at the time of the accident. The Florida Supreme Court has spoken to this issue in Miller v. State, 597 So.2d 767 (Fla.1992) and Haas v. State, 597 So.2d 770 (Fla.1992). In Miller the court concluded that “the inability of the State to ‘relate back’ blood-alcohol evidence to the time the defendant was driving a vehicle is a question of credibility and weight-of-the-evidence, not of admissibility, provided the test is conducted within a reasonable time after the defendant is stopped.” Miller, 597 So.2d at 770. The tests in the instant case were conducted within a reasonable time.
In Haas, the court stated that the Florida legislature did not intend “to place upon the State the difficult and often impossible burden of extrapolation [of a blood test result] as a condition precedent to conviction under the DUBAL statute.” Haas, 597 So.2d at 774. Rather, a blood test result shall be prima facie evidence that “the accused had the same blood-alcohol level at the time of his operation of the vehicle” as at the time of the blood test, as long as the blood test result is properly obtained. Id. at 774. Thus, the trial court did not err in denying appellant’s motion for a judgment of acquittal as to the UBAL manslaughter count.
Appellant’s third point presents the issue of whether his convictions for both vehicular homicide and UBAL manslaughter stemming from the death of one individual violate the double jeopardy clause. We follow our prior opinion in Murphy v. State, 578 So.2d 410 (Fla. 4th DCA 1991), which held that convictions for DUI manslaughter and vehicular homicide arising out of one death would stand. We note conflict with Chapman v. State, 604 So.2d 942 (Fla. 5th DCA 1992) and Kurtz v. State, 564 So.2d 519 (Fla. 5th DCA 1991), and certify the following question to be of great public importance:
WHETHER A DEFENDANT CAN BE CONVICTED AND SENTENCED FOR UBAL MANSLAUGHTER AND VEHICULAR HOMICIDE ARISING OUT OF ONE DEATH?
Appellant’s final point concerns a jury instruction on flight. While the giving of such an instruction was error, the error was harmless beyond a reasonable doubt. Fenelon v. State, 594 So.2d 292 (Fla.1992); Bryant v. State, 602 So.2d 966 (Fla.3d DCA 1992); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
AFFIRMED and QUESTION CERTIFIED.
LETTS and GUNTHER, JJ., concur.