621 So.2d 729 (1993)
Harold COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1175.
District Court of Appeal of Florida, Fifth District.
June 4, 1993.
Rehearing Denied July 27, 1993.
*730 Richard G. Canina and Michael W. Doyle of Mitchell, Canina & Bross, P.A., Melbourne, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Harold Cooper appeals his judgment and sentence. We affirm in part and reverse in part.
Appellant's convictions stem from an incident which occurred on July 7, 1991. On that date appellant, while operating a motorcycle (which he stole from his former wife), collided with the rear of another motorcycle which was parked on the side of the road. This collision resulted in the death of Faith Armstrong (a passenger on the other motorcycle), serious bodily injury to James King (the owner of the other motorcycle), and property damage to King's motorcycle.
Appellant was convicted of DUI manslaughter,[1] DUI causing serious bodily injury to another,[2] DUI causing damage to property of another,[3] driving while license suspended and carelessly or negligently causing the death of another human being,[4] and grand theft auto.[5] The trial court sentenced appellant to 30 years imprisonment on the DUI manslaughter charge, 10 years imprisonment on the DUI causing serious bodily injury to another charge, 10 years imprisonment on the DUI causing damage to property of another charge, 10 years imprisonment on the driving while license suspended and carelessly or negligently causing the death of another human being charge, and 10 years imprisonment on the grand theft auto charge. The trial court adjudicated appellant to be an habitual offender and then ordered the sentences to run consecutively.
Appellant raises two issues on appeal, only one of which merits discussion. Appellant contends that the trial court erred in entering judgment and sentence on both the offense of DUI manslaughter and the offense of driving while license suspended and carelessly or negligently causing the death of another human being, claiming that the legislature did not intend to punish a single death under two different statutes. We agree.
In Houser v. State, 474 So.2d 1193 (Fla. 1985), the supreme court indicated that, before the courts would be obligated to convict and sentence for two crimes arising from a single death, the legislature would need to express a clear intent to treat the two crimes as two separate offenses. Houser, 474 So.2d at 1196-1197 (holding that DWI manslaughter and vehicular homicide are different forms of the same offense).
Since the advent of Houser, the legislature has enacted section 775.021(4), effective July 1, 1988. Ch. 88-131, § 7, Laws *731 of Fla.[6] However, this court, following the second district's decision in Kurtz v. State, 564 So.2d 519 (Fla. 2d DCA 1990), has held that, regardless of the amending language of section 775.021(4), a defendant cannot be convicted of two homicide offenses arising out of a single death caused by an automobile accident. See Logan v. State, 592 So.2d 295 (Fla. 5th DCA 1991), cause dismissed, 599 So.2d 656 (Fla. 1992) (involving the homicide offenses of DUI manslaughter and culpable negligence manslaughter resulting in a single death); Chapman v. State, 604 So.2d 942 (Fla. 5th DCA 1992), rev. granted, 618 So.2d 210 (Fla. 1993) (involving the homicide offenses of DUI manslaughter and vehicular homicide resulting in a single death).
In Kurtz, the court reviewed the issue of whether an accused could be convicted of both DUI manslaughter and manslaughter by culpable negligence arising out of a single death. The Kurtz court reasoned that, regardless of the amending language of section 775.021(4), a defendant cannot be convicted and sentenced for two homicide offenses arising out of a single death from an automobile accident because the legislative history does not evidence an intent to punish for both offenses for a single act resulting in a single death and because "many precedents over many years ... hold that one death equates to one homicide." Kurtz, 564 So.2d at 522. See also Houser, 474 So.2d at 1197 (citing with approval Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984) (defendant cannot be convicted and sentenced for both DWI manslaughter and vehicular homicide)); Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981) (defendant cannot be convicted for both premeditated and felony murder); Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981) (defendant cannot be convicted for both first degree felony murder and second degree murder). Contra Goodwin v. State, 610 So.2d 31 (Fla. 4th DCA 1992); Murphy v. State, 578 So.2d 410 (Fla. 4th DCA 1991).
Here, as a result of Armstrong's death, appellant was convicted of the offenses of DUI manslaughter and driving while license suspended and carelessly or negligently causing the death of another human being. Section 316.193, Florida Statutes (1991), which pertains to driving under the influence, states, in pertinent part:
316.193 Driving under the influence; penalties. 
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
* * * * * *
(3) Any person:
* * * * * *
(c) Who, by reason of such operation, causes:
* * * * * *
3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
*732 Section 322.34, which pertains to driving while license suspended, provides, in pertinent part:
322.34 Driving while license suspended, revoked, canceled, or disqualified. 
* * * * * *
(3) Any person whose driver's license has been canceled, suspended, or revoked pursuant to s. 316.655, s. 322.26(8), s. 322.27(2), or s. 322.28(2), or (5) and who operates a motor vehicle while his driver's license is canceled, suspended, or revoked and who by careless or negligent operation thereof causes the death of or serious bodily injury to another human being, is guilty of a felony of the third degree, punishable as provided in s. 775.082 or s. 775.083.
Both DUI manslaughter and driving while license suspended and carelessly or negligently causing the death of another human being are homicide offenses. Thus, pursuant to Logan and Chapman, we must reverse appellant's conviction and vacate his sentence for the offense of driving while license suspended and carelessly or negligently causing the death of another human being because this offense constitutes a third degree felony while DUI manslaughter constitutes a second degree felony, a more severe charge.[7] We certify conflict with the fourth district on this matter. We affirm appellant's other convictions and sentences.
Because we consider this issue a matter of great public importance, we certify the following question:
WHETHER A DEFENDANT CAN BE CONVICTED AND SENTENCED FOR BOTH THE OFFENSE OF DUI MANSLAUGHTER AND THE OFFENSE OF DRIVING WHILE LICENSE SUSPENDED AND CARELESSLY OR NEGLIGENTLY CAUSING THE DEATH OF ANOTHER HUMAN BEING WHERE THERE IS ONLY A SINGLE DEATH.
AFFIRMED in part, REVERSED in part and REMANDED.
W. SHARP, J., and WHITE, A.B., Associate Judge, concur.
NOTES
[1] § 316.193(3)(c)3, Fla. Stat. (1991).
[2] § 316.193(3)(c)2, Fla. Stat. (1991).
[3] § 316.193(3)(c)1, Fla. Stat. (1991).
[4] § 322.34(3), Fla. Stat. (1991).
[5] § 812.014, Fla. Stat. (1991).
[6] Section 775.021(4) provides in pertinent part:

775.021 Rules of construction. 
* * * * * *
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purpose of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principal of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offenses as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4), Fla. Stat. (1988).
[7] We have not overlooked the case of Wright v. State, 592 So.2d 1123 (Fla. 3d DCA 1991), quashed on other grounds, 600 So.2d 457 (Fla. 1992). Wright held that a defendant who seriously injures four others while driving with a suspended license can only be found guilty of one offense because driving while license suspended is a continuous offense and, thus, a single violation. Wright, the holding and reasoning of which were rejected in Boutwell v. State, ___ So.2d ___ 18 Fla. L. Weekly D796 (Fla. 4th DCA Mar. 24, 1993), has no applicability to the instant case involving the issue of whether a defendant can be convicted of two or more homicide offenses arising from a single death.