PER CURIAM.
Appellant challenges his convictions and sentences for two counts of battery and one count of child abuse. Appellant raises a number of issues, only one of which has merit: Whether the trial court improperly adjudicated him guilty of both battery and child abuse on the same child victim. Although the trial court correctly determined at sentencing that it could not adjudicate appellant guilty on both counts and orally adjudicated appellant guilty of only child abuse, it later entered a judgment adjudicating appellant guilty on both counts. We, therefore, strike that portion of the judgment which purports to adjudicate appellant guilty of battery on the child (count II), but affirm in all other respects. See Kurtz v. State, 564 So.2d 519, 520-521 (Fla. 2d DCA 1990) (holding that an adjudication of guilt for an offense for which punishment cannot be imposed consistent with principles of double jeopardy, violates the defendant’s double jeopardy rights even when no sentence accompanies the adjudication of guilt), disapproved of in part on other grounds in Novaton v. State, 634 So.2d 607 (Fla.1994).
WOLF, DAVIS and BROWNING, JJ., concur.