FULMER, Judge.
Trent Marcia Taylor appeals his convictions for two counts of aggravated child abuse and one count of child abuse. Taylor initially raised two issues on appeal, neither of which have merit. We directed supplemental briefing on the question of whether Taylor’s conviction on count three violates double jeopardy notwithstanding the fact that the trial court did not impose a sentence on this count. Both count two, which alleged a violation of section 827.03(2)(b), Florida Statutes (2002), and count three, which alleged a violation of section 827.03(l)(a), address the same act committed against the same child. The State concedes error. As this court held in Kurtz v. State, 564 So.2d 519, 521 (Fla. 2d DCA 1990), disapproved of on other grounds, Novaton v. State, 634 So.2d 607 (Fla.1994), “trial courts are not permitted to enter an adjudication of guilt for an offense when a sentence could not legally *705 be imposed under section 775.021(4), Florida Statutes (Supp.1988), for that same offense.”
Accordingly, we affirm the convictions and sentences on counts one and two and reverse the conviction on count three with directions that the judgment on count three be vacated.
Affirmed in part, reversed in part, and remanded with directions.
NORTHCUTT and CASANUEVA, JJ., concur.